# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Arielle Collins | Civil Action No. 17-cv-00347 |
| versus | Judge Rebecca F. Doherty |
| Iberia Comprehensive Community Health Care Center et al | Magistrate Judge Carol B. Whitehurst |

## REPORT AND RECOMMENDATION

Before the Court, on referral from the District Judge, is defendants' - Iberia Comprehensive Community Health Center ("ICCHC"), Roderick Campbell, Reginald Boutte, and Earraina King (collectively, "Defendants"), unopposed Motion to Dismiss for Failure to Exhaust Administrative Remedies and Failure to State a Claim pursuant to Fed. Rule Civ. Pro. 12(b)(6). [Rec. Doc. 7]. For the following reasons, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED and that Plaintiff's claims be dismissed without prejudice in order to allow Plaintiff to bring suit once her administrative remedies have been exhausted.

### I. Background

*Pro se* plaintiff Arielle Collins, who worked as a pharmacist at ICCHC from March or April of 2013, until she was terminated on March 4, 2016, brought this action against ICCHC, Campbell, Boutte and King. Plaintiff worked at both the New Iberia and the St. Martinville locations of ICCHC. At the New Iberia location, she reported to Boutte and at the St. Martinville location, she reported to

King.  *Rec. 7-1.*  Campbell is the CEO of ICCHC. From the outset, Collins and King experienced conflict in their relationship which led Collins to file multiple complaints against King.  Boutte was often called to mediate the disputes between Collins and King to no avail.  *Id.*  Collins was ultimately terminated from her employment with ICCHC on March 4, 2016.  *Id.*

Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") against Defendants alleging discrimination based on race, sex and color on December 29, 2016.[1]  *Rec. 1, p. 5.* Plaintiff acknowledges that the EEOC has not issued a *Notice of Right to Sue* letter. *Id.*  On March 1, 2017, however, Plaintiff filed this action alleging racial discrimination and retaliation under Title VII of the 1964 Civil Rights Act.  Defendants seek dismissal contending: (1) the suit is premature as Plaintiff has not been issued a *Right to Sue* letter, and (2) the Complaint fails to state a cause of action against the individual defendants as they were not her employers under Title VII and Plaintiff's allegations do not rise to the level of discrimination. *Rec. 7-1, p. 3-4.* Plaintiff has filed no opposition to the Motion to Dismiss.[2] The Fifth Circuit holds that courts may grant an unopposed motion as long

---

[1] Defendant points out that, the copy of the charge attached to Plaintiff's Complaint bears a filing date of January 4, 2017, which is more that 300 days after the March 4, 2016 date of her termination which would make the claim untimely. Defendants seek to reserve all rights to defense based on the untimeliness charge, but claim the Court need not address this issue due to the lack of Plaintiff's receipt of a *Right to Sue* letter from the EEOC. *Rec. 7-1, p. 2.* The Court notes several discrepancies in dates.  As noted above, Plaintiff's Complaint states that she filed a charge with the EEOC on December 29, 2016. In addition, an attachment to the EEOC Intake Questionnaire is dated December 29, 2016. *Rec. 1-1, P.16*. However, the actual signature page on the EEOC Intake Questionnaire is dated January 13, 2017, and the document bears a filing date of January 4, 2017.  *Rec. 1-1, p. 13,*

[2] Under Local Rule 7.5, a party's failure to file a responsive motion within the time allowed (21 days) is construed as non-opposition to the motion. Any opposition to Defendants motion was due by May 15, 2017.

as the motion has merit. *See Braly v. Trail,* 254 F.3d 1082 (5th Cir. 2001). The Fifth Circuit has also held that courts "must liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir.1995).

## II. Standard of Review and Analysis

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC *and* receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378-79 (5th Cir. 2002)(emphasis added). Although the filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court. *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-89 (5th Cir. 1996). "The failure to exhaust administrative requirements is a proper basis for granting a motion to dismiss." *Hall v. Ouachita Par. Corr. Ctr.,* 2008 WL 724230, at *2 (W.D. La. Mar. 17, 2008). The Fifth Circuit has held that "[a] right-to-sue letter is a condition precedent to filing a Title VII claim." *Davis v. Dallas Area Rapid Transit,* 383 F. 3d 309, 314-315 (5th Cir. 2004). A suit filed before receipt of a right to sue letter would be premature and therefore "subject to a motion to dismiss." *Pinkard v. Pullman-Standard,* 678 F.3d 1211, 1218 ( 5th Cir. 1982). "Such a dismissal would be without prejudice, and the plaintiff could bring a new action upon receipt of a right-to-sue letter." *Id.*

The Court finds that there is no *Right to Sue* letter in the record and that Plaintiff has made no allegation of receiving such a letter. Accordingly, the Court

finds Plaintiff's suit is premature. Because the Court finds the suit premature, it is not necessary to consider whether Plaintiff's claims have merit. Accordingly, the undersigned recommends that Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies be granted and that Plaintiff's claims be dismissed without prejudice in order to allow Plaintiff to bring suit once her administrative remedies have been exhausted.

### III. Conclusion

Based on the foregoing, it is recommended that the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies [Rec. Doc. 7] be GRANTED and Plaintiff's claims be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 29th day of June, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE